FILED
SUPERIOR COURT
OF GUAM

2022 OCT -4 PM 4: 45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

YOUNG SOOK KU,

Plaintiff,

vs.

LI E. CHEN and ZHONG YUE YE,
Husband and Wife,

Defendants.

Superior Court Case No. **CV0901-21**

**DECISION AND ORDER GRANTING
LI E. CHEN'S AND ZHONG YUE YE'S
MOTION TO DISMISS**

Defendants Li E. Chen and Zhong Yue Ye move to dismiss this violation of a Declaration of Covenants, Conditions, and Restrictions action based on its non-compliance with the Guam Land Title Registration Act. Finding that Plaintiff Young Sook Ku's Complaint for Violation of Declaration of Covenants and Restrictions and for Preliminary Injunction fails to state a claim upon which relief can be granted, the Court GRANTS Chen and Ye's Motion to Dismiss.

### I.   Factual and Procedural Background

Chen and Ye live in the same subdivision and are neighbors with Ku. Compl. at 2 (Dec. 17, 2021). Ku owns and resides at Lot 3, Tract 1428; Chen and Ye reside at Lot 2, Tract 1428. *Id.* at 1. In 1992, the owners of the land which would become Lots 2 and 3 executed a "Declaration of Covenants, Conditions and Restrictions" and recorded it at the Department of Land Management. *Id.* at 2; Decl. of James M. Maher, Ex. F (Apr. 28, 2022) (Decl. Covenants, Conditions and Restrictions (hereinafter referred to as the Declaration)). At the time of the Declaration, the lots were labeled 11A-4, 11A-5, 11A-6, and 11A-R6. Compl. at 2. The

Declaration included the following restriction: "No building shall be erected, altered, placed, or permitted to remain on any lot other than one detached, single-family dwelling of two stories not to exceed 28 feet ..." Decl. at 4. In 1998, lots 11A-4, 11A-5, 11A-6, and 11A-R6 were consolidated under the 1998 Subdivision Survey Map, resulting in the subject Lots 2 and 3. Compl. at 2. In 1998, the Certificates of Title associated with lots 11A-4, 11A-5, 11A-6, and 11A-R6 were 33741, 33742, 33743, and 33744. Decl. of James M. Maher, Ex. B. Additionally, Chen and Ye assert that the Subdivision Survey Map references the Certificate of Title numbers 33741, 33742, 33743, and 33744 as being the applicable certificates of title for the land included in the subdivision.[1] These certificates of title explicitly state that the applicable lots are "subject...to...easements...*hereunder noted.*" *Id.* (emphasis added). However, there are no easements noted on the certificate of title. *Id.* Further, there is no reference to the Declaration in the list of associated documents. *Id.*

In the Complaint, Ku claims that Chen and Ye are currently in the process of building a structure at a height that violates the restrictive covenant. Compl. at 2. Chen and Ye subsequently filed this Motion to Dismiss, claiming that the Court lacks subject matter jurisdiction and that Ku failed to state a claim for relief. Mot. Dismiss at 1 (Apr. 28, 2022). Chen and Ye claim that the covenants did not comply with 21 GCA § 29148, which requires specific information to be included on instruments impacting registered land, or 21 GCA § 29107, which requires specific notations on a certificate of title. *Id.* at 2. In response, Ku asserts that a covenant does not need to be included on the certificate of title because a covenant affects the use and not the title of the property, and Chen and Ye were informed of this restrictive covenant by their real estate agent. Opp'n Mot. at 2–3 (May 25, 2022).

---

[1] The Court was unable to verify this statement the Subdivision Survery Map provided to the Court was illegible. *see* Mot. Dismiss at 2; Decl. James M. Maher, Ex. A.

## II. Law and Discussion

### A. The Court Has Subject Matter Jurisdiction.

Chen and Ye seek to dismiss Ku's suit for lack of subject matter jurisdiction over the restrictive covenants because the statute contains a jurisdictional requirement that is not met. Mot. Dismiss at 4. Subject matter jurisdiction is a threshold matter determining a court's ability to hear a case. *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010). The Superior Courts have original jurisdiction over all causes of action unless original jurisdiction is exclusively left to the Guam Supreme Court. 7 GCA § 3105. While there is no wording in the Guam Title Registration Act divesting the Superior Court of jurisdiction, 21 GCA §§ 29101–29206, if a jurisdictional requirement is not met, then there is no subject matter jurisdiction. *Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 17. For a statute to have a jurisdictional requirement, the statute must be written in a way to indicate that intent. *Id.* A defect in the adequacy of a claim itself does not divest a court of subject matter jurisdiction. *Id.* ¶ 16.

Chen and Ye argue that the jurisdictional requirement has not been met because "both 21 GCA 29148 & 29107 expressly condition a recorded instrument's validity" on the statutorily required notations in the instrument or on the certificate of title. Mot. Dismiss at 4. Section 29148 requires any instrument affecting a piece of registered land to include a notation that the land is registered along with the name of the owner and the certificate of title numbers. Similarly, section 29107 requires that the land be registered, and the Certificate of Title includes a notation that the property is subject to a "mortgage, lien, charge, or lesser estate than fee simple." 21 GCA § 29107. While these statutes require specific notations, the lack of these notations does not divest the Court of subject matter jurisdiction. No language in these statutes indicates an intent to divest the Court of subject matter jurisdiction if the notation requirements have not been

met. Further, the language in the statutes merely addresses the required notations; there is no wording related to jurisdiction or conditioning jurisdiction on the adequacy of the claim. Therefore, the Court has subject matter jurisdiction to review Ku's claim.

### B. Ku Fails to State a Claim for Relief.

Chen and Ye also seek to dismiss Ku's suit under Guam Rule of Civil Procedure 12(b)(6) based on non-compliance with the Guam Title Registration Act. Mot. Dismiss at 5. "A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. On a motion for dismissal for failure to state a claim, the Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation and citations omitted).

Guam's Land Title Registration Act follows the Torrens system for land registration. *Unpingco v. Derry*, 2021 Guam 1 ¶ 11. Under the Torrens system, there is "an absolute presumption that the register of titles speaks the last word about the title of the land." *Id.* ¶ 14. Further, the various provisions of Guam's Land Title Registration Act "confirm the principle that registered land shall prevail over unregistered interests." *McCurdy v. Chamorro Equities, Inc.*,

2021 Guam 29 ¶ 37. The Guam Supreme Court has strictly adhered to the principle that

interests are only valid if included in the Certificate of Title. *Id.* ¶ 38; *Unpingco*, 2021 Guam 1 ¶

20.

Chen's and Ye's first argument is that Ku failed to state a claim because the proper

notations were not made in the Declaration, pursuant to 21 GCA § 29148.[2] Section 29148

provides:

> Any instrument offered for filing with the registrar which affects registered land
> must have noted thereon a statement of the fact that said land is registered land,
> with the name of the registered owner and with the number or numbers of the
> certificate or certificates of the last registration thereof; otherwise, none of such
> instruments shall be filed, nor shall the same affect the title for the whole or any
> part of said land, nor will the same impart any notice to the registered owner or to
> any person dealing with such land.

Here, Ku's claim does not show a sufficient claim for relief because the covenant at issue

does not comply with the Torrens act; therefore, the covenant is unenforceable, and no relief can

be provided for a violation. In 1998, when the subdivision was created, Lots 2 and 3 of Tract

1428 were registered land under Certificates of Title 33741, 33742, 33743, and 33744. As a

result, pursuant to section 29148, any instrument affecting Lots 2 and 3 of Tract 1428 must have

included a statement that the land is registered, the name of the registered owner, and the number

of the last certificate of registration. However, the Declaration does not contain any statement

that the land is registered land. Similarly, while the Declaration appears to include the owners'

signatures, it also does not clearly state who the registered owners of the land are. Finally, the

Declaration does not include the certificate of title numbers for the last certificate of registration,

which would be Certificates of Title 33741, 33742, 33743, and 33744. As the Declaration has

not included any of these statements, the Declaration does not comply with the Guam Land Title

---

[2] These required notations are briefly addressed *supra* in relation to subject matter jurisdiction.

Registration Act. Further, the certificates of title themselves state that they are a memorial of all "estates, assessments, liens, charges or encumbrances on the land described." Yet, there is no reference to the Declaration, the document number associated with the filed copy of the Declaration, or covenants themselves. Therefore, while this covenant may have been contracted by previous owners, the covenant is not in compliance with Guam's Land Title Registration Act; this non-compliance prevents Ku from being able to state a claim for relief for a violation of the covenant.

Ku cites a California case, *Martin v. Holm*, to support their argument that even if the registration of the covenants did not comply with the Guam Title Registration Act, Chen and Ye were still on notice of the covenant and bound by it. 242 P. 718 (1925). However, *Martin* does not address whether the property was registered in compliance with the Torrens act or subject to it. While the case addresses covenants, without the necessary Torrens act context, the case does not assist in determining whether the covenants are enforceable under Guam law. This approach proposed by Ku would be in direct contradiction to the strict difference that Guam provides the certificate of title. Further, 21 GCA § 29137 explicitly provides that a transferee of registered land is not considered to have notice of any unregistered claim or interest, even if they are aware of it, unless there is fraud. As a result, there is no set of facts that would provide Ku with relief because the law requires a covenant to include proper notations, which are not included in the Declaration.

Additionally, in the alternative, Chen and Ye argue that the lack of a notion on the certificate of title regarding the covenant is a violation of 21 GCA § 29107. Although Chen and Ye have already provided a sufficient basis for a dismissal due to Ku's failure to state a claim under 21 GCA § 29148, the Court will briefly address Chen's and Ye's alternative grounds for

dismissal. Section 29107 is titled "Registering Estates Less Than Fee Simple: Estates Subject to Lien or Charge," and it relates to the required notation upon the certificate of title for a "mortgage, lien, charge, or lesser estate than fee simple." As not only indicated by the title of section 29107 but also by the wording of the statute, this portion of the Guam Land Title Registration Act relates to financial encumbrances on the property, not covenants. Therefore, the Court finds that Ku only failed to state a claim pursuant to section 29148, and section 29107 is inapplicable.

## III.    Conclusion and Order

After having reviewed all arguments submitted by the parties, the Court holds that the Court has subject matter jurisdiction, but Ku fails to state a claim upon which relief may be granted. Therefore, the Court GRANTS Chen's and Ye's Motion to Dismiss.

SO ORDERED this 4th day of October 2022.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_Cun liffe_
_Visosky_
Date: _10/4/22_ Time: _4:50pm_

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
F. Randall Cunliffe, Esq., Law Offices of Cunliffe & Cook P.C., for Plaintiff Young Sook Ku
Jon A. Visosky, Esq., Roberts Fowler & Visosky LLP, for Defendants Li E. Chen and Zhong Yue Ye